UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMIE DUPONT,

    Plaintiff,

v.                                                                        CASE No. 8:05-CV-309-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for a closed period of Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-nine years old at the time of the administrative hearing and who has some college education (Tr. 134), has worked primarily as a truck driver (Tr. 48, 64). He filed claims for Social

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

Security disability benefits and supplemental security income payments, alleging that he became disabled due to several herniated discs with spurs in his lower back (Tr. 47).  The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  At the hearing, the plaintiff, through counsel, amended his claims to seek a closed period of benefits from October 19, 1999, through January 30, 2001 (Tr. 133).  The law judge found that the plaintiff has a severe impairment of a herniated disc with spurs in his back (Tr. 17). The law judge concluded that this impairment restricted the plaintiff to a significant range of light and sedentary work with a sit/stand option and the limitations that, in an eight-hour work day, the plaintiff could stand or walk for four hours and sit for six hours (Tr. 14, 18).  The law judge also included the additional limitations of frequently or occasionally lifting and carrying ten pounds, and occasionally climbing, balancing, stooping, kneeling, crouching and crawling (Tr. 14).  The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 16, 18). However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could

perform, such as a ticket seller, gate guard and parking lot cashier (Tr. 16). The plaintiff was therefore found not disabled (Tr. 17). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff injured his back at work (Tr. 136), and the law judge, accordingly, found that the plaintiff suffers from a severe impairment of a herniated disc with spurs (Tr. 17). Originally, the plaintiff alleged an onset date of disability of July 2, 2000 (Tr. 42). However, as indicated, at the administrative hearing the plaintiff, through counsel, orally amended his

application and now seeks a closed period of disability from October 19, 1999, through January 30, 2001 (Tr. 133). Notably, these dates are somewhat congruent with the plaintiff's first visit to his treating physician, Dr. Mark B. Lonstein, and the last treatment notes in the record from that doctor (see Tr. 91, 126). Dr. Lonstein began treating the plaintiff on October 22, 1999 (Tr. 91), a few days after the plaintiff's alleged onset date.

      The plaintiff challenges the law judge's decision on the ground that the law judge did not give controlling weight to the opinion of his treating physician, Dr. Lonstein (Doc. 8, pp. 6-8). Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not doing so. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

      The plaintiff bases his argument upon a form that Dr. Lonstein filled out, purportedly, on October 20, 2000 (Doc. 8, p. 6). Dr. Lonstein's responses on that form indicated that the plaintiff could not perform even sedentary work (Tr. 81).

The law judge, however, discounted those particular responses. He stated that those responses were rendered at a time when the plaintiff was highly symptomatic (Tr. 16). The law judge pointed out in this respect that Dr. Lonstein gave a different opinion three months later when he indicated that the plaintiff could return to work, even as a truck driver (id.; see Tr. 126). The law judge, consequently, provided a valid reason for discounting Dr. Lonstein's opinion of October 2000.

Moreover, Dr. Lonstein's opinion of October 2000 is not sufficient to support the plaintiff's allegation of disability. As indicated, the plaintiff must demonstrate that during the period from October 19, 1999, through January 30, 2001, he was disabled for at least twelve consecutive months. Dr. Lonstein's records show otherwise.

On November 15, 1999, Dr. Lonstein stated that an MRI scan showed "degenerative disc at L4-5 and L5-S1 with herniations more to the left at L4-5 with foraminal stenosis at both levels bilaterally" (Tr. 90). Dr. Lonstein suggested to the plaintiff that he either "try [to] get along with his symptoms," receive epidural steroid injections or have a lumbar decompression (id.). In December 1999, the plaintiff received steroid

injections (Tr. 96-98). The plaintiff testified that, following this treatment, his pain went totally away for the next three months (Tr. 137).

Consequently, on January 4, 2000, Dr. Lonstein noted that, after the steroid injections in December 1999, the plaintiff's leg pain was resolved and he had no back ache (Tr. 89). Dr. Lonstein stated that, "[a]t this point I will allow [the plaintiff] to return to his working duties" (id.). Dr. Lonstein therefore completed a form indicating that the plaintiff could work with no limitations as of January 5, 2000 (Tr. 108).

Further, on April 13, 2000, Dr. Lonstein opined that the plaintiff had a permanent impairment of only five percent (Tr. 88). Later, on April 24, 2000, Dr. Lonstein completed another form on which he indicated that the plaintiff could work as of that date with no limitations (Tr. 86).

As indicated, Dr. Lonstein also said that the plaintiff could return to work as of January 30, 2001 (Tr. 126). Accordingly, the plaintiff concedes in his memorandum that "he had experienced some improvement and had in fact asked Dr. Lonstein to release him to work on January 30, 2001" (Doc. 8, p. 6).

In short, Dr. Lonstein's opinions do not show that he was disabled for at least twelve consecutive months between October 19, 1999,

and January 30, 2001. To the contrary, Dr. Lonstein's opinions affirmatively show that the plaintiff was not disabled for twelve consecutive months during that period. Since the plaintiff's only argument was based upon Dr. Lonstein's opinion of October 2000, the plaintiff's challenge to the law judge's decision clearly fails.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 20th day of March, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE